UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:19-cv-23593-JLK**

JAVIER GARCIA-BENGOCHEA,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS LTD.

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE comes before the Court on Defendant Norwegian Cruise Line Holdings Ltd.'s ("Norwegian") Motion to Dismiss, filed October 11, 2019 (DE 26) (the "Motion"). The Court has also considered Plaintiff's Response in Opposition, filed November 1, 2019 (DE 30), and Norwegian's Reply Brief, filed November 15, 2019 (DE 35).

**I. BACKGROUND**

On August 27, 2019, Plaintiff filed this action under Title III of the Helms-Burton Act, 22 U.S.C. § 6082(a)(1)(A), alleging that Norwegian "trafficked" in property that was confiscated by the Cuban Government and to which Plaintiff owns a claim. (Compl., DE 1.) Specifically, the Complaint alleges that Plaintiff is the "rightful owner, through inheritance, of an 82.5% interest in and claim to certain commercial waterfront real property in the Port of Santiago de Cuba," which the Complaint defines as the "Subject Property." (*Id.* ¶ 7.[1]) The Complaint alleges that in October

---

[1] According to the Complaint, "Plaintiff's ownership interest in and claim to the Subject Property includes a 32.5% interest certified by the Foreign Claims Settlement Commission," while the "remaining portion of Plaintiff's interest in and claim to the Subject Property is based upon an

1960, "the communist Cuban Government nationalized, expropriated, and seized ownership and control of the Subject Property." (*Id.* ¶¶ 8–9.) And the Complaint alleges that, "beginning on or about November 2017 and continuing for at least a year thereafter," Norwegian "trafficked" in the property when it "knowingly and intentionally commenced, conducted, and promoted its commercial cruise line business to Cuba using the Subject Property by regularly embarking and disembarking its passengers on the Subject Property." (*Id.* ¶ 13.)

Then, on October 11, 2019, Norwegian moved to dismiss Plaintiff's Complaint for failure to state a claim. Norwegian argues: (1) that Plaintiff fails to plead sufficient facts showing that Norwegian's unlawful trafficking was done "knowingly and intentionally"; (2) that applying Helms-Burton to impose liability for Norwegian's use of the property before May 2019 would violate the Ex Post Facto and Due Process Clauses of the United States Constitution; and (3) that Plaintiff fails to adequately plead ownership of a claim to the property, and any claim that he acquired by virtue of inheritance after 1996 was acquired too late under the Act. (*See generally* Mot.).

Notably, on March 10, 2020, this Court (upon motion of the parties) stayed all case deadlines pending the resolution of Carnival Corporation's motion for judgment on the pleadings in a separate yet related action before this Court, *Garcia-Bengochea v. Carnival Corp.*, Case No. 19-cv-21725-JLK, DE 54 (the "Carnival case"). And on July 9, 2020, this Court granted Carnival's motion for judgment on the pleadings in the Carnival case. (*Id.*, DE 120). Accordingly, the stay in the above-styled Norwegian case has now expired, and Norwegian's Motion to Dismiss is ripe for adjudication.

---

uncertified claim." (Compl. ¶¶ 11–12.)

## II.  LEGAL STANDARD

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss, the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014).

## III.  DISCUSSION

**A.      Plaintiff Adequately Alleges Ownership of a Claim to the Property**

As an initial matter, Norwegian acknowledges that, "in a separate action, Carnival Cruise Lines has moved, unsuccessfully, to dismiss on several grounds similar . . . to those argued in this action." (Mot. 3 n.3.)  Specifically, Norwegian's arguments regarding Plaintiff's ownership of a claim to the property are the same issues that were raised in Carnival's motion to dismiss in *Garcia-Bengochea v. Carnival Corp.*, Case No. 19-cv-21725-JLK, a case involving nearly identical allegations to those asserted here.  In an order entered August 26, 2019, this Court denied Carnival's motion to dismiss and found that "Plaintiff's ownership of the claim involves factual determinations that go beyond the four corners of the Complaint." *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1288 (S.D. Fla. 2019).  The Court also rejected Carnival's argument that dismissal was required because Plaintiff does not own a "direct interest" in the confiscated property since "the claim concerns stock in La Maritima, which in turn owned the docks." *Id.* (internal quotation marks omitted).  Norwegian has not shown any reason to depart from the Court's prior opinion.  Thus,

Norwegian's Motion to Dismiss on this ground is denied for the same reasons discussed in the Court's August 26, 2019 order in the Carnival case.

**B.     Plaintiff Need Not Allege Specific Facts Showing Norwegian's State of Mind**

The Court next considers Norwegian's argument that Plaintiff fails to plead unlawful intent. Norwegian argues that, because Helms-Burton defines "trafficking" as "knowingly and intentionally" using the confiscated property, 22 U.S.C. § 6023(13)(A), Plaintiff was required to plead facts showing that Norwegian had the "proper scienter, or state of mind, required by the statute and case law." (Mot. 5.)  And here, Norwegian argues that the Complaint "contains only a conclusory allegation with respect to the scienter [that Helms-Burton] requires." (*Id.* at 4–5.)

In response, Plaintiff points to Federal Rule of Civil Procedure 9(b), which provides that "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Plaintiff also cites the Eleventh Circuit's opinions in *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (noting that "Rule 9(b) does not require a plaintiff to allege specific facts related to the defendant's state of mind"), and *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1338 (11th Cir. 2015) (finding that the plaintiff stated a third-party beneficiary claim against the defendant manufacturer where complaint alleged generally that manufacturer "intended to protect future customers . . . and subsequent purchasers . . . like Plaintiff" and there was "nothing implausible about the allegation that a lumber manufacturer intends to warrant its product to end users").

Upon consideration, the Court finds that Plaintiff need not allege specific facts showing Norwegian's state of mind when it allegedly "trafficked" in the confiscated property. Moreover, the Court finds that Plaintiff adequately pleads a "trafficking" claim by alleging that Norwegian

"knowingly and intentionally commenced, conducted, and promoted its commercial cruise line business to Cuba using the Subject Property by regularly embarking and disembarking its passengers on the Subject Property without the authorization of Plaintiff or any U.S. national who holds a claim to the Subject Property." (Compl. ¶ 13.) Accordingly, the Motion to Dismiss on this basis is denied.

C.   **Norwegian's Constitutional Arguments Are Premature**

Finally, Norwegian also raises constitutional issues regarding the application of Helms-Burton in this case, arguing that Plaintiff "seeks treble damages against Norwegian based on a newly-imposed liability scheme for activities Norwegian engaged in years before that liability was imposed." (Mot. 10.) According to Norwegian, because Title III of Helms-Burton was suspended following its enactment in 1996 and remained suspended until May of 2019, imposing liability for Norwegian's "pre-May 2019 activities in Cuba" would violate the Ex Post Facto and Due Process Clauses of the United States Constitution. (*See id.* at 10–16.[2])

In response, Plaintiff urges the Court to avoid reaching these constitutional issues at this early stage of the case. (Resp. 9.) In support, Plaintiff points to a footnote in the Motion in which Norwegian states that "in June 2019, Norwegian ceased travel to Cuba in full compliance with the new regulations" restricting travel to Cuba. (Mot. 9 n.8.) According to Plaintiff, this footnote indicates that Norwegian continued using the property until June 2019, a month after the Trump Administration authorized plaintiffs to file suit under Title III, and therefore "even under NCL's theory there would be no retroactivity and both constitutional arguments would be moot." (Resp. 9–10.) Thus, while Plaintiff disputes the merits of Norwegian's retroactivity arguments (*id.* at

---

[2] The Ex Post Facto Clause "prohibits retroactive application of penal legislation." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994). "The Due Process Clause also protects the interests in fair notice and repose that may be compromised by retroactive legislation." *Id.*

10–12), Plaintiff argues that the Court should avoid reaching these issues until the record has been further developed and Plaintiff has had an opportunity to prove that Norwegian continued using the property after May of 2019 (*id.* at 12).

"A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Santamorena v. Ga. Military Coll.*, 147 F.3d 1337, 1343 (11th Cir. 1998). Upon consideration, the Court finds it unnecessary to decide the constitutional issues raised by Norwegian at this stage of the case. While Plaintiff relies upon a footnote in Norwegian's brief, the Court also notes that the Complaint itself alleges grounds to avoid reaching these constitutional issues. According to the Complaint, Norwegian used the property beginning in November 2017 "and continuing for *at least* a year thereafter." (Compl. ¶ 13) (emphasis added). Taking these allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff alleges a claim for trafficking that goes beyond Norwegian's "pre-May 2019 activities in Cuba," and therefore does not implicate any retroactivity concerns. Thus, the Motion to Dismiss is denied without reaching the constitutional issues raised by Norwegian.

### IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Dismiss **(DE 26)** be, and the same is, hereby **DENIED**. Defendant shall file its Answer to the Complaint within **twenty (20) days** from the date of this Order.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of August, 2020.

/s/ James Lawrence King
_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record